GILLESPIE, Chief Justice:
Mississippi State Highway Commission (Commission) appealed from a judgment of the Circuit Court of Jackson County. The question is whether the circuit court, sitting as an appellate tribunal, erred in reversing the order of the county court granting a new trial on the ground that damages were excessive. Since no manifest abuse of discretion on the part of the trial (county) court appears, the judgment of the circuit court is reversed.
Commission filed eminent domain proceedings in the County Court of Jackson County for the condemnation for highway purposes of 1.02 acres of a 1.99 acre tract owned by J. P. Moorehead and wife (landowners). Commission’s appraiser testified that the damage sustained by the landowners was $3,500. The testimony of the landowners’ witness fixed the damages at $26,500, and Mr. J. P. Moorehead was of the opinion that the damages amounted to $24,800. The jury returned a verdict for $18,000. Commission filed a motion for a new trial on the ground (among others) that the verdict was so excessive as to evince prejudice and passion on the part of the jury. The trial judge sustained the *140 motion for a new trial unless landowners entered a remittitur in the sum of $10,500 within ten days. Landowners filed a written refusal of the remittitur and appealed to the circuit court.
The circuit judge did not find that the trial judge abused his discretion but reversed the order of the county court on the ground that there was ample evidence to support the verdict of the jury.
The action of the trial court upon a motion for a new trial is favorably considered upon appeal and supported unless manifest abuse of discretion appears from the record. This rule is particularly applicable where a new trial has been granted, since in such case the rights of the parties are not finally settled as they are where a new trial is refused. Mississippi State Highway Com’n v. Colonial Inn, Inc., 246 Miss. 422, 149 So.2d 851 (1963). This rule has been applied in numerous cases.
It follows from what has been said that the question before an appellate court in reviewing the action of a trial court in ordering a new trial on the ground that the damages are excessive or inadequate is not whether there is sufficient evidence to support the verdict. The question is whether the record as a whole shows a manifest abuse of discretion on the part of the trial judge. This rule is a recognition that the trial judge has the primary duty in this regard. In the present case the evidence involved is the testimony of the appraisers for the parties. One of the most important factors of an appraiser’s testimony is the extent to which it is bolstered by evidence of sales of comparable property in the vicinity of the property condemned, for basically the amount of damages is directly related to the before taking value. Commission’s appraiser bolstered his evaluation in this respect to a greater degree than the landowners’ appraiser. We are, therefore, unable to find a basis to say that the trial judge manifestly abused his discretion. It follows that the judgment of the circuit court is reversed and the case is remanded to the county court for retrial unless landowners enter a remittitur of $10,500 within ten days after the judgment of this Court becomes final.
Reversed and remanded unless remittitur entered.
PATTERSON, INZER, WALKER and BROOM, JJ., concur.